**NiceIN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

JAN 1 2 2017

| | | |
|---|---|---|
| BOBBY PHILLIPS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:16-CV-2680-D |
| | ) | |
| DALLAS COUNTY SHERIFF'S DEPT., | ) | |
| ET AL., | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Dallas County Sheriff's Department, the Dallas Police Department, Parkland medical staff, Officer Ozigbo, the Dallas County 291st Judicial District Court, the grand jury, Judge Tammy Kemp, attorney Mays, Dallas County District Clerk Felicia Pitre, and the Dallas County 204th Judicial District Court. The Court has not issued process pending judicial screening.

Plaintiff claims the Dallas Police Department unlawfully detained and arrested him. He states the Dallas County Sheriff's Department unlawfully incarcerated him, failed to allow him access to privileges, and threatened him. He states the Parkland medical staff does not provide good health care at the jail and that it provides patients with misinformation about medications.

Plaintiff states the 291ˢᵗ Judicial District Court failed to rule on his motions, and that Judge Kemp and attorney Mays failed to allow "access to any privilege." He states jail officer Ozigbo allowed another inmate to threaten him and that Ozigbo did not discipline the other inmate. He claims the grand jury wrongfully indicted him. Although he names District Clerk Felicia Pitre and the Dallas County 204ᵗʰ Judicial Court as Defendants, he does not appear to allege any facts against these Defendants. On December 21, 2016, he also filed a motion to dismiss the state court indictment due to a violation of his right to a speedy trial.

## II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

III.

1.      **Nonjural Entities**

Plaintiff names the Dallas County Sheriff's Department, the Dallas Police Department,

and the 204th and 291st Dallas County District Courts as Defendants. These Defendants are non-

jural entities under § 1983. A plaintiff may not bring a civil rights action against a servient

political agency or department unless such agency or department enjoys a separate and distinct

legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A

governmental department cannot engage in litigation "unless the true political entity has taken

explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (city police

department). Governmental offices and departments do not have a separate legal existence. *See,*

*e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL

51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department is not a jural

entity); *Daniel v. Dallas County Comm'rs Court*, No. 3:01-CV-072-P (N.D. Tex. Jan. 19, 2001)

(rec. adopted Jan. 31, 2001), 2001 WL 167923 (finding Dallas County Commissioner's Court is

not a jural entity). These Defendants should therefore be dismissed.

2.      ***Younger* Abstention**

Plaintiff claims he was unlawfully arrested by the Dallas Police Department, unlawfully

indicted by the grand jury, and that he is being unlawfully held by the Dallas County Sheriff's

Department due to pending state criminal charges. These claims should be dismissed under the

*Younger* abstention doctrine.  Under this doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04–CV–227–R, 2005 WL 473680, at *1 (N.D.Tex. Feb.28, 2005) (collecting cases); *see also Younger v. Harris*, 401U.S. 37, 43–45 (1971).  The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44.

The *Younger* abstention doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712,716 (5th Cir.2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted).

In this case, Plaintiff states he has been unlawfully arrested and indicted.  A determination by this Court that Plaintiff's arrest or indictment was unlawful would interfere with the state criminal proceedings.  Further, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir.1984); *see also Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir.1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401U.S. at 41)). Finally, Plaintiff has a full opportunity to raise any constitutional challenges in the Texas

state courts. *See DeSpain*, 731 F.2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

All three conditions of *Younger* are met in this matter. The Court may refuse to abstain if an exception applies, but no exception applies here. The Court should abstain from jurisdiction over Plaintiff's claims.

**3.     Officer Ozigbo**

Plaintiff claims Officer Ozigbo did not stop another inmate from threatening him and did not discipline the other inmate. Verbal threats, however, do not support a constitutional violation. *Sigler v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). This claim should be dismissed.

**4.     Medical Care**

A denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.* 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff states he has rheumatoid arthritis, gout, high blood pressure, depression, Hepatitis C, liver disease, joint pain, and problems with his "spinal optical nerves." He states

there is "no good health services here at jail!"  (Magistrate Judge's Questionnaire, ECF No. 18 page ID 99.)

Plaintiff's claims fail to show deliberate indifference to his serious medical needs. Plaintiff does not allege that he requested any specific medical care that was not provided. Although he claims the medical staff gave misleading information to patients regarding the side-effects of medications, he does not allege that he was provided misleading information about his medications, or that he suffered any harm from any misinformation.  Further, to the extent Plaintiff claims Defendants were negligent, negligent conduct does not rise to the level of a constitutional violation.  *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Procunier v. Navarette,* 434 U.S. 555, 556 (1978).  Plaintiff's medical care claims should be dismissed.

5.     **Immunity/Color of Law**

Plaintiff claims Judge Tammy Kemp, and attorney Mays failed to "allow access to any privilege."  This claim is unclear.  Judges, however, have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996).  Additionally, Defense attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See  Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011).

Plaintiff also names Court Clerk Felicia Pitre as a Defendant, although he does not allege any facts against this Defendant.  Court clerks are immune from actions "for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Kastner v. Lawrence*, 390 Fed. Appx. 311, 315 (5th Cir. 2010) (quoting *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)).  Plaintiff's claims against these Defendants should be dismissed.

6.     **Speedy Trial**

Plaintiff also filed a motion to dismiss his state court indictment alleging the State violated his right to a speedy trial.  (ECF No. 19.)  Dismissal of Plaintiff's indictment is not a form of available relief under § 1983.  A plaintiff's request for speedy trial relief is cognizable under 28 U.S.C. § 2241.  *See Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).  Additionally, pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial.  *Dickerson*, 816 F.2d at 224.  Therefore, Plaintiff's motion to dismiss should be denied.

IV.

The Court recommends that Plaintiff's complaint be dismissed and that his motion to dismiss be denied.

Signed this 11 day of January, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).